```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE WESTERN DISTRICT OF NORTH CAROLINA
                   CHARLOTTE DIVISION
              3:94CV405-MU (formerly 3:94CV405-P)
             (3:92CR53-21-MU, formerly 3:92CR53-21-P)
```

| | | |
|---|---|---|
| DWIGHT SPEARS, | ) | |
|     Petitioner, | ) | |
| | ) | |
|     v. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
|     Respondent. | ) | |
| _____ | ) | |

**THIS MATTER** comes before the Court on petitioner's combined Motion to File Amendment to Judgment under Fed.R.Civ.P. 60(b), both filed October 31, 2002 (documents ## 100 and 101); and on his Motion to Reconsider Order (by which the Court denied the petitioner's Motion to Supplement Motion to Amend), filed June 9, 2004 (document # 104). For the reasons stated herein and for the further reasons set forth in the Court's Order of May 5, 2004 (by which the Court denied the petitioner's Motion to Supplement), all of the petitioner's Motions will be denied.

### I. FACTUAL AND PROCEDURAL BACKGROUND

On May 5, 1992, the petitioner (along with 21 other persons) was named in an Indictment which charged him with conspiracy to possess with intent to distribute and to distribute an unspecified quantity of cocaine, all in violation of 21 U.S.C. §§841(a)-

(1) and 846 (Count Three). On November 9, 1992, the petitioner's case proceeded to a two-day jury trial, at the conclusion of which the jury found the petitioner guilty as charged. Subsequently, the Court sentenced the petitioner to a term of 252[1] months imprisonment. The petitioner's notice of appeal was timely noted.

In the meantime, however, the petitioner began his practice of filing vexatious pro-se documents with his first series of Motions by which he sought everything from "bail pending [his] appeal" to an Order "staying execution of judgment of conviction and sentence . . . ." Not surprisingly, all of the petitioner's Motions were denied.

Next, the petitioner filed a Motion to Vacate under 28 U.S.C. §2255 prior to the conclusion of his appeal. However, on January 28, 1994, the Magistrate Judge filed a Memorandum and Recommendation, recommending that the subject Motion be dismissed without prejudice to the petitioner's right to renew such Motion at the conclusion of his direct appeal. The District Court adopted that Recommendation, and dismissed the petitioner's Motion to Vacate.

On March 29, 1994, the Fourth Circuit Court of Appeals affirmed both the petitioner's conviction and sentence. Conse-

---

[1] One of the Court's earlier Orders erroneously stated that the petitioner had been sentenced to a term of 170 months imprisonment. However, such error does not change the Court's ultimate conclusion that he was not then, and is not now, entitled to any relief on his Motions.

2

quently, on November 21, 1994, the petitioner filed his Motion To Vacate.  Thereafter, however, the petitioner resumed his practice of filing various and sundry Motions with the Court--including a Motion seeking his immediate release from custody pending the outcome of his Motion to Vacate, and a Motion seeking the recusal of the presiding judge.  After failing in those non-dispositive Motions, the petitioner appealed to the Fourth Circuit, and he even went as far as seeking a rehearing for the appellate Court's denial and/or dismissal of certain of his Motions, and seeking certiorari review of those matters in the U.S. Supreme Court.  However, none of those efforts were successful.

At the conclusion of his several appeals, on March 29, 1996, this Court denied the petitioner's Motion to Vacate and certain other miscellaneous Motions which still were pending here.  Equally critical, the Court's Order further enjoined the petitioner from filing any other documents in this District without first obtaining leave of the Court to do so.  Thereafter, the Fourth Circuit affirmed this Court's Order of dismissal.

Obviously undaunted by his lack of success--and this Court's injunction, the petitioner returned here with a new succession of Motions, mostly seeking sentence reductions.  Although the Court granted the petitioner leave to file some of those Motions, the Court ultimately denied the requests as meritless.  Those denials were affirmed on appeal.  Over the next several years, the

petitioner continued to seek leave to file more motions.  In response, this Court either denied those motions for leave, or it denied the actual requests which were underlying the motions for leave.  For his part, the petitioner continued to appeal many of those decisions; however, such appeals still were unsuccessful.

Now, the petitioner is before the Court on his Motions to Amend under Rule 60(b).  According to the petitioner, such Motions are aimed ultimately at reversing this Court's 1996 Judgment by which it denied his Motion to Vacate.  The petitioner also has filed a Motion for Reconsideration of the denial of his Motion to Supplement his Motion to Amend.

## II. **ANALYSIS**

As the foregoing procedural recitation makes apparent, the petitioner is an individual who has no respect for the Court's limited time and/or resources.  That is, despite having been told not to do so, the petitioner has persisted in filing frivolous Motions without even attempting to obtain the leave of Court to do so.

Indeed, the instant pending Motions all were filed without so much as a whisper of a request for pre-filing authorization from the Court.  However, it goes without saying that this Court has the inherent authority to protect itself from abuses such as the ones herein evidenced.  Accordingly, based upon the petitioner's failure to obtain pre-filing authority to file the

4

instant Motions and, furthermore, based upon the fact that such Motions are directed at the Court's 1996 Judgment by which it dismissed the petitioner's Motion to Vacate, the instant Motions will be dismissed.

That is, the petitioner's underlying, belated attempt to obtain a second, unauthorized habeas review under Apprendi v. New Jersey, 530 U.S. 466 (2000) and the line of cases to which that ruling has given birth simply cannot prevail.  To be sure, the petitioner's Motions are little more than a thinly disguised effort to press successive habeas claims.  Thus, in the absence of pre-filing authorization from the Fourth Circuit, as required under 28 U.S.C. §2244, these efforts must be flatly rejected. See United States v. Winestock, 340 F.3d 200 (4th Cir.), cert. denied, 540 U.S. 995 (2003); see also Hunt v. Nuth, 57 F.3d 1327 (4th Cir. 1995); and Felker v. Turpin, 101 F.3d 657 (11th Cir. 1996)

In any event, the U.S. Supreme Court has never stated that the Apprendi line of cases must be given retroactive application to cases which are before the Court on collateral review.  More-over, in United States v. Sanders, 247 F.3d 139 (4th Cir.), cert. denied, 534 U.S. 1032 (2001), the Fourth Circuit concluded that such cases could not be retroactively applied in the collateral review context.  Thus, the petitioner clearly cannot prevail in his efforts.

5

### III. CONCLUSION

The petitioner's attempts to circumvent the rules governing these types of Motions, and his blatant disregard for this Court's earlier Order requiring him to obtain pre-filing authorization before bringing motions in this Court will not be tolerated. Therefore, the petitioner's Motions to Amend Judgment and his Motion to Reconsider all must be <u>dismissed</u>.

### IV. ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1. That the petitioner's Motions to Amend (documents ## 100 and 101) are summarily **DISMISSED**;

2. That the petitioner's Motion to Reconsider (document # 104) is summarily **DISMISSED**; and

3. That the petitioner is advised that <u>should he file another motion or other document of any sort without first attempting to obtain pre-filing authorization from this Court, he could be subjected to monetary sanctions for his willful violation of the Court's 1996 Order.  Furthermore, such monetary sanctions could be imposed and deducted from the petitioner's inmate trust account and, in any event, if sanctions are imposed, the petitioner would be required to fully pay his indebtedness before being able to file anything other than emergency motions in this Court</u>.

**SO ORDERED.**

**Signed: July 25, 2005**

*Graham C. Mullen*
Graham C. Mullen
Chief United States District Judge